## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GABRIEL ARRIES,<br><br>    Plaintiff,<br>v.<br><br>VICTOR HILL, RASHAWN JOHNSON, JAMES STEWART, Jr., JELANI FOSTER, MONTEZ HAWKINS, SYDNEY CANNON, DAVID EVANS, BENJAMIN WALKER, Jr., and John Does 1-2, in their individual capacities,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>FILE NO. _____<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>COMPLAINT</u>

**COMES NOW** Plaintiff Gabriel Arries, ("Plaintiff"), and hereby files this Complaint against Defendants, VICTOR HILL, RASHAWN JOHNSON, JAMES STEWART, Jr., JELANI FOSTER, MONTEZ HAWKINS, SYDNEY CANNON, DAVID EVANS, BENJAMIN WALKER, Jr. and JOHN DOES 1-2 ("Defendants"), as follows:

## <u>JURISDICTION AND VENUE</u>

1

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

2.

Venue is proper in the Northern District of Georgia, Atlanta Division, as all acts complained of occurred in Clayton County, Georgia. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1391.

3.

Plaintiffs seek compensatory damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or malicious, intentional, and reckless acts of Defendants.

## IDENTIFICATION OF PARTIES

4.

Plaintiff, at the time of the subject incident, was a citizen of the United States and resident of the Los Angeles, California, and currently is a citizen of James City, Virginia, and is entitled to bring this action under Georgia law for all general, special, compensatory, and permissible damages.

5.

Defendant Victor Hill (hereinafter "Defendant Hill") is a resident of Clayton County, Georgia, and is subject to the personal jurisdiction of this Court. Defendant Hill is sued in his individual capacity for acts committed during the course and scope of his employment as the Clayton County Sheriff. He may be personally served with this Complaint and Summons at the Clayton County Sheriff's Office, 9157 Tara Boulevard, Jonesboro, Georgia 30236.

6.

Defendant Rashawn Johnson is a resident of DeKalb County, Georgia, and is subject to the personal jurisdiction of this Court. Defendant Johnson is sued in his individual capacity for acts committed during the course and scope of his employment with the Clayton County Sheriff's Department. He may be personally served with this Complaint and Summons at his personal residence, 7403 Treehills Pkwy Stone Mountain, GA 30080.

7.

Defendant James Stewart, Jr. is a resident of Clayton County, Georgia and is subject to the personal jurisdiction of this Court. Defendant Stewart is sued in his individual capacity for acts committed during the course and scope of his employment with the Clayton County Sheriff's Department. He may be personally

served with this Complaint and Summons at his personal residence, 5771

Trammell Rd. Apt. 9D, Morrow, GA 30260.

8.

Defendant Jelani Foster is a resident of DeKalb County, Georgia and is subject

to the personal jurisdiction of this Court. Defendant Foster is sued in his individual

capacity for acts committed during the course and scope of his employment with the

Clayton County Sheriff's Department. He may be personally served with this

Complaint and Summons at his personal residence, 1212 Winston Dr. Decatur, GA

30032.

9.

Defendant Montez Hawkins is a resident of DeKalb County, Georgia and is

subject to the personal jurisdiction of this Court. Defendant Hawkins is sued in his

individual capacity for acts committed during the course and scope of his

employment with the Clayton County Sheriff's Department. He may be personally

served with this Complaint and Summons at his personal residence, 116 Creste Dr.

Decatur, GA 30035.

10.

Defendant Sydney Cannon is a resident of Clayton County, Georgia and is

subject to the personal jurisdiction of this Court. Defendant Cannon is sued in his

individual capacity for acts committed during the course and scope of his employment with the Clayton County Sheriff's Department. He may be personally served with this Complaint and Summons at his personal residence, 355 Lakeridge Ct. Riverdale, GA 30274.

11.

Defendant David Evans is a resident of Fayette County, Georgia and is subject to the personal jurisdiction of this Court. Defendant Evans is sued in his individual capacity for acts committed during the course and scope of his employment with the Clayton County Sheriff's Department. He may be personally served with this Complaint and Summons at his personal residence, 435 Highway 279 Fayetteville, GA 30214.

12.

Defendant Benjamin Walker, Jr. is a resident of Georgia, but the specific county is currently unknown. Defendant Benjamin Walker, Jr. is subject to the personal jurisdiction of this Court. Defendant Benjamin Walker, Jr. is sued in his individual capacity for acts committed during the course and scope of his employment with the Clayton County Sheriff's Department. He will be personally served with this Complaint and Summons at his personal residence, once it is identified.

13.

Defendants John Does 1-2 were Clayton County Sheriff's deputies acting within the course and scope of their employment with the Clayton County Sheriff's Department at all times relevant to this Complaint. Plaintiff is informed, believes, and thereon alleges that these unknown and unnamed Defendants are also legally responsible and liable for the incidents, injuries and damages hereinafter set forth, and that each of these Defendants proximately caused the injuries and damages by reason of negligence, carelessness, deliberately indifference, intentional, willful, or wanton misconduct, creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth.

14.

Defendant John Does will be substituted and brought into this lawsuit in their individual capacities and served with process once their true identities are revealed in litigation.

15.

Defendants acted with actual malice, willfully and wantonly toward Plaintiff, proximately causing his injuries. Further, Plaintiff pleads that the conduct of Defendants violated clearly established statutory and constitutional rights of which a reasonable person would have known. Therefore, no immunity applies in this

matter.

16.

Defendant Hill was grossly negligent in his supervision of Defendants Johnson, Stewart, Foster, Hawkins, Cannon, Evans and Walker and was deliberately indifferent to the rights of others, and has exhibited a pattern, policy, and custom of violating the rights of the citizens of Georgia, including Plaintiff, through acts of physical assault and unreasonable restraint, such that Defendants misconduct is affirmatively linked to Defendant Hill's acts.

17.

Defendant Hill failed to adequately train and supervise Defendants and his negligent training was causally related to the constitutional violations committed by them.

## **FACTUAL ALLEGATIONS**

18.

At all relevant times, Defendants Johnson, Stewart, Foster, Hawkins, Cannon, Evans and Walker, and other deputies of the Clayton County Sheriff's Department, were serving under the authority of Defendant Hill.

19.

Defendants Johnson, Stewart, Foster, Hawkins, Cannon, Evans, Walker and John Does 1 and 2 were sworn members of the Clayton County Sheriff's Department and were acting under the color of law and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the Clayton County Sheriff's Department, where they were under the authority of their office and within the scope of their employment as Sheriff's Deputies.

20.

On February 5, 2021, Gabriel Arries, who suffers from Bi-polar and Mood Disorder, was arrested for misdemeanor Disorderly Conduct at Hartsfield-Jackson Airport by Atlanta Police Department and transported to the Clayton County Jail.

21.

After arriving at the Clayton County Jail, at approximately 7:51pm Nurse Rebecca Estrill of CorrectHealth, LLC, in the presence of Defendants Johnson and Stewart, was informed of Gabriel's Bipolar and Mood Disorder diagnoses.

22.

Nurse Estrill along with Defendants Johnson and Stewart, observed Gabriel's thoughts to be disorganized and that he was unaware he was in the State of Georgia.

23.

In that state of mind, Gabriel was allegedly combative and shouting racial epithets to the Sheriff's deputies.  A ramp call was initiated directing all deputies to come to the intake area.

24.

Defendant Johnson pinned Gabriel to the wall, forced him to the ground and then carried him along with Defendants Stewart, Hawkins and other Clayton County Sheriff's deputies to the shower/dress out area.

25.

Once in the shower/dress out area, Clayton County Sheriff's deputies, including Defendants Stewart, Johnson and Hawkins repeatedly, maliciously, and violently struck Gabriel.

26.

Defendants Johnson, Stewart and Hawkins then unreasonably restrained Gabriel in a restraint chair and placed him outside the infirmary.

27.

Approximately four (4) hours later, Gabriel was taken from the infirmary in the restraint chair to the shower/dress out area again. Defendants Sydney Cannon, Benjamin Walker and other Clayton County Sheriff's deputies again repeatedly,

maliciously, and violently struck Gabriel and unreasonably forced him back into the restraint chair.

28.

At some point thereafter, Defendant Evans alleged that Gabriel wanted to kill himself, so despite Gabriel's previous behavior and admissions about his health, he placed him on suicide watch in medical holding cell 7 with another inmate whose charges included armed robbery, aggravated assault, and participation in criminal gang activity.

29.

Allegedly, an altercation occurred between Gabriel and his cell mate.

30.

Defendant Foster tased Gabriel and then placed him alone in a medical holding cell 20 with open wounds on his face while covered in feces.

31.

Many hours later, medical staff for Clayton County Jail found Gabriel unresponsive, making involuntary movements, incontinent, still covered in feces, with facial edema and lacerations.

32.

At that time, Gabriel was taken to the infirmary and subsequently

transported to Atlanta Medical Center.

33.

The physicians at Atlanta Medical Center, diagnosed Gabriel with a severe traumatic brain injury, subdural hematoma, subarachnoid hemorrhage, and closed fracture of nasal bone as a result of the repeated, malicious, and violent attacks from Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker and potentially other officers.

34.

At the time of his injuries, Plaintiff was a citizen and resident of the County of Los Angeles, in the State of California and in the United States of America. At all times relevant herein, Plaintiff had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

## COUNT ONE: PLAINTIFF'S CLAIMS UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS JOHNSON, STEWART, HAWKINS, FOSTER, CANNON, EVANS and WALKER

35.

Plaintiff re-alleges and incorporates the above paragraphs of the Complaint as though they were fully set forth herein.

36.

Pursuant to U.S.C. § 1983, the intentional, malicious, and reckless beating and restraint of Gabriel without legal justification by Defendants was in violation of Gabriel's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, for which Defendants are liable.

37.

Defendants actions of repeatedly striking Gabriel and placing him into the restraint chair were violations of Gabriel's civil rights under both the United States Constitution and 42 U.S.C § 1983, including the use of excessive and deadly force in violation of due process, and clearly violated established statutory laws of the State of Georgia, to which Defendants were aware.

38.

Defendants acted with actual malice and an intent to injure Gabriel when they repeatedly struck him and placed him in the restraint chair without reason.

39.

As a result of the conduct by Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker, Gabriel has suffered life altering brain damage and other personal injuries as outlined in this Complaint. Additionally, Gabriel has suffered physical and emotional pain suffering, along with significant medical

expenses which he continues to accrue.

## COUNT TWO: PLAINTIFF'S CLAIMS UNDER 42 U.S.C § 1983 AGAINST DEFENDANT HILL

### 40.

Plaintiff re-alleges and incorporates the above paragraphs of the Complaint as though they were fully set forth herein.

### 41.

The acts, omissions, systemic flaws, policies, and customs set in place by Defendant Hill, caused Clayton County Sheriff's deputies, including Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker, to believe that the use of excessive, unreasonable, malicious, and willful force would not be aggressively, honestly, and properly investigated, with the foreseeable result that deputies are more likely to use excessive or unreasonable force against detainees such as Gabriel.

### 42.

Upon information and belief, Defendant Hill, developed a pattern, policy, and custom of unreasonably placing detainees in the restraint chair and permitting the unreasonable and malicious excessive use of force by his deputies and is liable under a theory of supervisory liability.

43.

Notably, Defendant Hill was recently indicted by the United States of America for repeatedly using the inmate restraint chair to inflict punishment on certain inmates. A true and correct copy of the indictment is attached as Exhibit A.

44.

It was the policy and practice of the Defendant Hill to employ certain deputies, including Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker, that were prone to using unreasonable and excessive force against detainees.

45.

For a significant period leading up to Gabriel's assault, Defendant Hill has had a persistent and widespread practice of condoning, ratifying, and authorizing deputies, including Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker, to use of excessive force. Further, Defendant Hill was aware of, and deliberately indifferent to, this widespread and systemic corruption within the Clayton County Sheriff's Department. Further, Defendant Hill's deliberate indifference allowed said corruption to flourish and increase in the years leading up to Gabriel's assault. Such custom, policy, and practice were the driving force leading to the violation of Gabriel's civil rights, as described herein.

46.

Defendant Hill is engaged in a persistent and widespread practice of allowing his deputies to violate Clayton County's own policies and procedures. Moreover, Defendant Hill is deliberately indifferent to this practice and custom within the Clayton County Sheriff's Department, by failing to enforce policies; failing to properly train; failing to properly discipline; and thus, creating a culture within the Clayton County Sheriff's Department wherein violating citizen's civil rights is not only tolerated, but also encouraged; thereby allowing the deprivation of Gabriel's civil rights, as described herein.

47.

As a result of the conduct by Defendant Hill, Gabriel has suffered life-altering brain damage and additional personal injuries as outlined in this Complaint. Gabriel has also suffered physical and emotional pain and suffering, along with significant medical expenses which he continues to accrue.

## COUNT THREE: PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS JOHNSON, STEWART, HAWKINS, FOSTER, CANNON, EVANS and WALKER

48.

Plaintiff re-alleges and incorporates the above paragraphs of the Complaint

as though they were fully set forth herein.

49.

The acts orchestrated by Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker were intentional and malicious. Gabriel was restrained unarmed, episodic, and posed no threat of death or grievous bodily injury to Defendants or others.

50.

Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker had no lawful authority to use excessive force against Gabriel. They acted with actual malice, were willful, wanton, indifferent and deliberately disregarded Gabriel's statutory rights.

51.

Defendants Foster and Evans placed Gabriel in mental health holding cell 7 with another inmate in violation of Clayton County Sheriff's Department's own policy, practice and procedures for classification of inmates.

52.

Under Clayton County Sheriff's Department inmate classification guidelines, Gabriel should not have been placed in a cell with a violent offender given his mental health episodes, misdemeanor charges and lack of criminal history.

53.

Defendants Foster and Evans placed Gabriel in holding cell 7 with a violent offender intentionally, maliciously and without regard for his safety.

54.

Thereafter, Defendant Foster intentionally and maliciously tased Gabriel without cause or justification, which caused Gabriel injury and to defecate on himself.

55.

The repeated physical attacks and tasing by Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans and Walker and John Does 1-2,  caused Gabriel to suffer irreparable injury including a severe traumatic brain injury, subdural hematoma, subarachnoid hemorrhage, closed fracture of nasal bone and left-eye blindness and were clear violations of state law, in which Defendants were aware by virtue of their employment as Sheriff's deputies and constituted an aggravated battery in violation of O.C.G.A § 16-5-24, an aggravated assault in violation of O.C.G.A §16-5-21, and reckless conduct in violation of §16-5-60(b) among other violations of state law. Gabriel has also suffered physical and emotional pain suffering, along with significant past medical expenses.

56.

Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans, Walker and John Does 1-2 intended to and did commit a violent injury when they repeatedly struck Gabriel and Defendant Foster intended a violent injury when he tased him. Gabriel reasonably apprehended that he would receive a violent injury when he was repeatedly struck and tased.

57.

Defendants Johnson, Stewart, Hawkins, Foster, Cannon, Evans, Walker and John Does 1-2 intended to and did cause substantial physical harm and visible bodily harm to Gabriel when they repeatedly struck him and when Defendant Foster tased him. Gabriel reasonably apprehended that their malicious actions would cause him substantial physical harm and visible bodily harm.

**COUNT FOUR: DELIBERATE INDIFFERENCE TO RENDER GABRIEL ARRIES ACCEPTABLE MEDICAL CARE AND TREATMENT IN VIOLATION OF § 1983 AND HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT**

58.

Plaintiff re-alleges and incorporates the above paragraphs of the Complaint as though they were fully set forth herein.

59.

As an inmate in the custody and care of the Clayton County Sheriff's Department, Gabriel Arries was entitled to adequate and necessary medical care pursuant to the Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

60.

Defendants personally acted with deliberate indifference to Gabriel's serious medical and mental health issues, purposely leading to the violation of Gabriel's Fourteenth Amendment Civil Rights, causing him unnecessary pain and suffering.

61.

On the day Defendants assaulted Gabriel, they knew that he was experiencing a mental health episode and failed to get him appropriate mental healthcare which led to continued erratic behavior. Moreover, after beating Gabriel for his behavior, defendants left him for dead without adequate medical care to address the brain injury they inflicted.

62.

Defendants negligently, willfully and/or wantonly disregarded the risk of harm by failing to provide Gabriel with timely and appropriate medical care.

63.

Such failures to obtain and ensure timely and appropriate medical care and treatment of Gabriel was the moving force behind the violations of his constitutional rights causing him unnecessary pain and suffering. Such failures also caused delay in diagnosing and treating his brain bleed.

64.

Defendants' deliberate indifference to Gabriel's serious medical need caused him pain and suffering.

65.

Defendants' acts or omissions resulted in a violation of Gabriel Arries' Fourteenth Amendment of the U.S. Constitution which confers civil rights and as such, there is no right to Eleventh Amendment Immunity.

66.

As a result of the conduct by Defendants, Gabriel has suffered life-altering brain damage and additional personal injuries as outlined in this Complaint. Gabriel has also suffered physical and emotional pain and suffering, along with significant medical expenses which he continues to accrue.

## <u>COUNT FIVE: ATTORNEYS' FEES</u>

### 67.

Plaintiff re-alleges and incorporates the above paragraphs of the Complaint as though they were fully set forth herein.

### 68.

Pursuant to 42 U.S.C. § 1988, Gabriel Arries is entitled to an award of reasonable attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff, Gabriel Arries prays as follows:

a)     That process issue and that Defendants be served according to the law;

b)     That Plaintiff has a trial by jury;

c)     That Plaintiff has and recovers a verdict and judgment against Defendant for all compensatory, general, and punitive damages, and forreasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact; and

d)     That Plaintiff have such other and further relief as this Court deems just and proper under the circumstances.

This <u>30th</u> day of <u>August,</u> 2021.

*[signatures to follow]*

CASH, KRUGLER & FREDERICKS, LLC

/s/ Alwyn R. Fredericks
ALWYN R. FREDERICKS, ESQ.
Georgia Bar No. 275092
LISA E. MCNARY, ESQ.
Georgia Bar No. 456926

5447 Roswell Road, NE
Atlanta, Georgia 30342
(404) 659-1710 [phone]
(404) 264-1149 [fax]
afredericks@ckf.law
lmcnary@ckf.law

KASTORF LAW, LLC

/s/ Kurt Kastorf
KURT KASTORF, ESQ.
*(w/ express permission signed by
Alwyn Fredericks, Esq.)*
Georgia Bar No. 315315

1387 Iverson St. N.E.,
Suite 100
Atlanta, GA 30083
(404) 900-0300 [phone]
kurt@kastorflaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1C, the undersigned counsel certifies that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

CASH, KRUGLER & FREDERICKS, LLC

<u>/s/ Alwyn R. Fredericks</u>
ALWYN R. FREDERICKS, ESQ.
Georgia Bar No. 275092
LISA E. MCNARY, ESQ.
Georgia Bar No. 456926

5447 Roswell Road, NE
Atlanta, Georgia 30342
(404) 659-1710
(404) 264-1149 [fax]
afredericks@ckf.law
lmcnary@ckf.law