IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GABRIEL ARRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 1:21-CV-03588-SDG |
| | ) | |
| VICTOR HILL, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants hereby file this reply brief in support of their motion to dismiss plaintiff's amended complaint (Doc. 32).

## I.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Plaintiff's Federal Claims Are Barred By Qualified Immunity (Counts I, II, and IV)

#### 1.     No Supervisory Liability Against Sheriff Hill (Count II)

Defendants established in their initial brief that plaintiff's supervisory liability claim against the Sheriff is subject to dismissal because, among other reasons, plaintiff fails to allege facts to establish a "causal connection" between any actions of Sheriff Hill and any violation of his constitutional rights through a "history of widespread abuse," a custom or policy resulting in deliberate indifference, or through allegations to show that Sheriff Hill directed subordinates

to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.  (Doc. 35-1, pp. 10-15.)

In response, plaintiff contends that he can show a causal connection because the Sheriff has been indicted for "using a restraint chair to punish inmates," and therefore, the Sheriff has "actual knowledge."  (Doc. 40, pp. 15, 16.)  However, none of the incidents alleged in the indictment resulted in a finding that anyone's constitutional rights have been violated.  Plaintiff does not cite to any law to support his contention that an indictment alone is sufficient to establish a causal connection or history of widespread abuse.  Plaintiff cannot arbitrarily determine that a criminal indictment, which was issued <u>after</u> this incident, put the Sheriff on notice of the need to correct a practice due to a history of widespread abuse, that his policy or custom resulted in deliberate indifference, that he directed subordinates to act unlawfully, or that he knew his subordinates would act unlawfully and failed to stop the unlawful action.

Plaintiff also contends that he has alleged "widespread abuse" because the Sheriff allegedly created a culture of abusing inmates.  (Doc. 40, p. 16.)  But this conclusory statement is insufficient to state a Section 1983 claim for supervisory liability.  <u>See</u> <u>Smith v. Owens</u>, No. 14-14039, 2015 WL 4281241, at *3 (11th Cir. July 16, 2015) (finding conclusory allegation of improper custom resulting in deliberate indifference insufficient to state a claim); <u>McClendon v. City of</u>

Sumiton, Ala., No. 2:14-CV-00150-AKK, 2015 WL 2354187, at *3 (N.D. Ala. May 15, 2015) ("[C]onclusory allegations are insufficient to support a claim…for deliberate indifference, ratification, or purported 'custom and policy liability.'"). Therefore, plaintiff's supervisory liability claim against Sheriff Hill is subject to dismissal.

### 2.    No Deliberate Indifference To Medical Needs (Count IV)

In their initial brief, defendants established that plaintiff's deliberate indifference to a serious medical needs claim is subject to dismissal because the complaint fails to allege facts showing that <u>each</u> defendant knew of a "serious medical need" and acted with <u>deliberate</u> <u>indifference</u> to such a need. (Doc. 35-1, pp. 15-16.) While plaintiff's complaint appears to allege a "serious medical need" by virtue of his alleged brain injury, in response, plaintiff now contends that any defendant that observed him after he had been beaten "the first time" knew that he had serious injuries and needed medical attention. (Doc. 40, p. 17.) However, even if plaintiff had visible injuries stemming from the alleged physical altercation with any defendant, these injuries are not sufficient to rise to a <u>serious</u> medical need for purposes of a constitutional violation. (Doc. 32, ¶¶ 25, 26.) <u>See, e.g.</u>, <u>Youmans v. Gagnon</u>, 626 F.3d 557, 563 (11th Cir. 2010) (concluding that the plaintiff had not established serious medical need when he had "several cuts and

abrasions on his head, face, shoulder, elbow, and hand" and appeared to be bleeding).

Additionally, plaintiff's complaint does not allege facts to satisfy the second requirement, deliberate indifference. To properly allege deliberate indifference, a plaintiff must allege that each defendant "(1) had subjective knowledge of a risk of serious harm; (2) disregard[ed] that risk; and (3) acted with more than gross negligence." Harper v. Lawrence County, 592 F.3d 1227, 1234 (11th Cir. 2010). To put it another way, "[t]here is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not,'" Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996), or for the fact that "'more should have been done' to diagnose and treat [an injury]." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Moreover, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Harper, 592 F.3d at 1234.

Here, plaintiff's complaint fails to meet this standard. Plaintiff fails to allege facts in the complaint to show that each named defendant had subjective knowledge of a risk of serious harm, disregarded that risk, and that the disregard was more than gross negligence. Plaintiff, instead, consolidates his allegations as to all defendants, but "imputed or collective knowledge" is insufficient to state a

claim. The district court's decision in <u>Miller v. Corr. Med. Servs.</u> is particularly persuasive here.  No. 2:10cv583-WHA-WC (WO), 2010 U.S. Dist. LEXIS 97276, at *18 (M.D. Ala. Sep. 16, 2010).  In <u>Miller</u>, like plaintiff here, plaintiff alleged that "more should have been done" and alleged in "a conclusory manner that all Defendants acted with deliberate and willful indifference', and that all Defendants had direct knowledge . . . either through direct contact with Homer Thomas or through reports . . . and/or internal corporate audits."  The district court held, however, that these allegations fall short of a plausible claim of deliberate indifference. <u>Miller</u>, 2010 U.S. Dist. LEXIS 97276, at *16.

Here, as in <u>Miller</u>, plaintiff's deliberate indifference claim is based on conclusory allegations against a collective group of defendants, without giving notice as to the subjective knowledge that each defendant had of a risk of serious harm; how each defendant disregarded that risk; or how each defendant acted with more than gross negligence (or acted with deliberate indifference).  Therefore, as in <u>Miller</u>, this Court should find that plaintiff's deliberate indifference to a serious medical need claim fails to state a claim.

### 3.    No Violation of Clearly Established Law

Finally, defendants established in their initial brief that they are entitled to qualified immunity from all claims, including plaintiff's challenges to (1) the physical force, (2) use of restraint chair, (3) his cell placement, (4) the use of a

taser, and (5) his medical treatment, because plaintiff cannot show that each defendant violated clearly established law.  (Doc. 35-1, pp. 18-20.)

In response, plaintiff contends that "Defendants" struck plaintiff more than was necessary, placed him in a restraint chair, and put him in a cell with inmates they knew or should have known would injure him because they were angry that he was non-complaint and shouted racist comments.  (Doc. 40, pp. 8-9.)  Plaintiff further contends that "Defendants" inflicted harm for the purposes of causing harm.  (Id.)  Plaintiff cites to Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002) and contends that it is clearly established law that "infliction of excessive force on a prisoner" violates the constitution, and cites to Fikes v. Abernathy, 793 F. App'x 913, 915 (11th Cir. 2019) for the proposition that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's prohibition on cruel and unusual punishments.  (Id.)

"The Supreme Court and [the Eleventh Circuit] have stated that a plaintiff cannot strip a § 1983 defendant of his qualified immunity by citing to general rules or abstract rights." Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999); see Walker v. Schwalbe, 112 F.3d 1127, 1132 (11th Cir. 1997) ("Plaintiffs may not discharge their burden [of showing that a right is clearly established] by referring to general rules and abstract rights."). "Qualified immunity focuses on the actual, specific details of concrete cases." Walker, 112 F.3d at 1132. Indeed, "'clearly

established law' should not be defined 'at a high level of generality'" but "must be 'particularlized' to the facts of the case" because otherwise "'[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" White v. Pauly, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (citations omitted).

Additionally, because § 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation," Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986), each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions. "So [the court] must be careful to evaluate a given defendant's qualified-immunity claim, considering only the actions and omissions in which that particular defendant engaged." Alcocer v. Mills, 906 F.3d 944, 951 (11th Cir. 2018).

Here, plaintiff cannot meet his burden by citing to the collective actions of defendants.  Plaintiff must cite to specific cases that clearly demarcate that the conduct of each defendant violated clearly established law under the facts alleged in the complaint.  Plaintiff fails to do so, and his generalized approach is insufficient to meet his burden on qualified immunity.

Plaintiff's citation to Johnson and Fikes also fails to establish a violation of clearly established law even if the Court were to consider the collective actions of

defendants.   Neither of these cases cited by plaintiff involve the use of a restraint chair, challenges to cell placement, or the use of a taser.  None of these cases put defendants on notice that the use of a restraint chair, cell placement, or the use of the taser was in clear violation of the constitution under the allegations in the complaint.   Therefore, each defendant alleged to have been involved in these aspects of plaintiff's detention is entitled to qualified immunity.

While Johnson and Fikes do involve general claims of excessive force and deliberate indifference to serious medical needs, the facts in these cases do not resemble even remotely the facts alleged here and certainly do not meet the "particularized" standard in White.  Thus, neither of the cases cited by plaintiff can clearly establish the law for purposes of qualified immunity as against defendants whom plaintiff contends used excessive force or were deliberately indifferent to a serious medical need.

Because plaintiff fails to meet his burden to show that each defendant violated clearly established law, all defendants are entitled to qualified immunity.

## B.   Plaintiff's State Law Claims Are Barred By Official Immunity (Count III)

Defendants established in their initial brief that plaintiff's state law claims are barred by official immunity because defendants were at all times performing discretionary acts without actual malice or actual intent to cause injury.  (Doc. 35-1, pp. 20-22.)   In response, plaintiff contends that he specifically alleged  that

Defendants "acted with actual malice, were willful, wanton, indifferent, and deliberately disregarded Gabriel's statutory rights." (Doc. 40, p. 18 <u>citing</u> Doc. 23 ¶¶ 63 and 64.)

However, plaintiff's conclusory remarks that defendants collectively acted with "actual malice" is insufficient to overcome official immunity.  <u>See, e.g.</u>, <u>Harper v. Perkins</u>, 459 F. App'x 822, 828 (11th Cir. 2012) (applying official immunity under Georgia law, the Court held that "we cannot rely on [plaintiff's] legal assertions of actual malice in the complaint" for purposes of a motion to dismiss); <u>Moseley v. McKesson Med.-Surgical, Inc.</u>, 2013 WL 3639686, at *1 (M.D. Fla. July 11, 2013) (allegations that actions were "were willful and done with malice" are insufficient to state an actionable claim because these statements amount to legal conclusions).

Legal conclusions must be supported by factual allegations, and a court need not accept them as true.  <u>Randall v. Scott</u>, 610 F.3d 701, 709-10 (11th Cir. 2010); <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal"); <u>Richardson v. Quitman Cnty., Ga.</u>, 912 F. Supp. 2d 1354, 1381 (M.D. Ga. 2012) (noting that plaintiffs' reference to malicious intent in complaint did not impact the Court's decision on official immunity).

Turning to the complaint, plaintiff contends that the allegation that "Defendants intentionally struck him" is sufficient to defeat official immunity. (Doc. 40, p. 18.)   However, even if plaintiff's allegation is sufficient to show assault or even battery, this is insufficient alone to establish actual malice.   See, e.g., Baker v. Clements, 760 F. App'x 954, 956 (11th Cir. 2019) (affirming district court's conclusion that "Defendant Officers were entitled to official immunity from Plaintiff's state law battery claim because Plaintiff had produced no evidence that Defendant Officers acted with actual malice."); Taylor v. Waldo, 309 Ga. App. 108, 112, 709 S.E.2d 278, 282 (2011) (concluding there was insufficient evidence of actual malice to defeat official immunity for assault and battery claim where the defendant "unnecessarily threw [the plaintiff] to the ground and handcuffed him roughly").

Because plaintiff's complaint does not allege facts to show that each defendant's alleged use of force was performed with actual malice, his state law claims must be dismissed based on official immunity.

## C.   **No Viable Claim Against "John Doe" Defendants**

Defendants established in their initial brief that "John Does 1-2" are subject to dismissal because "fictitious party practice is not permitted in federal court." New v. Sports & Rec., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997).   (Doc. 35-1, p. 24.)   Plaintiff fails to address New v. Sports & Rec. in his response brief and takes

the position that he can proceed in a federal action against John Doe Defendants. (Doc. 40, pp. 18-19.)  The limited circumstances in which a John Doe defendant can be named in a lawsuit are non-existent here.  See Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).  In Dean, the Eleventh Circuit held the district court erred by denying the plaintiff's motion to join a "John Doe" defendant before allowing the plaintiff an opportunity to learn the John Doe defendant's name through discovery.  Id. at 1215.  In so-ruling, the court noted a difference between "suing fictitious parties" and "real parties sued under a fictitious name" and held that, where the plaintiff had named "Chief Deputy of the Jefferson County Jail John Doe" as a defendant, the name was specific enough to comport with the requirement of Rule 10 of the Federal Rules of Civil Procedure that the pleading name the party.  Id. at 1215, n.6.  The use of "John Doe" was "at the very worst, surplusage."  Id.  Thus, the defendant could have been served with the complaint, despite the use of the "John Doe" title.  Id.

In this case, plaintiff alleges that "John Does 1-2" were merely "Clayton County Sheriff's Deputies."  (Doc. 32, ¶ 13.)  This identification, however, does not rise to the level of specificity identified by the Eleventh Circuit.  See Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (descriptions ranging in "specificity from the highly generic (e.g., 'a male detective,' 'one of the officers at the hospital,' or 'an FBI Agent') to the ever-so-slightly less generic (e.g., '[a]

female white officer about 5 feet 10-11 inches in height' or 'a middle-aged white male [officer]') fell well short of enabling a process server to identify a specific individual"). The fictitious parties, therefore, should be dismissed.  <u>See, e.g.</u>, <u>Bozeman v. Cty. of Elmore</u>, No. 2:20-cv-640-ECM, 2021 U.S. Dist. LEXIS 131042, at *6 (M.D. Ala. July 14, 2021) (finding that Fictitious Defendants A, B, and C identified as "employees of Elmore County Jail" and :on duty on the occasion made the basis of this suit" was insufficient to rise to the specificity required); <u>Daniel v. Howell</u>, 2020 U.S. Dist. LEXIS 222828, 2020 WL 7029152, at *2 (M.D. Ala. Nov. 30, 2020) (labeling the fictitious Defendants as officers 1, 2, and 3, absent some other unambiguous description, lacks the necessary specificity to qualify under the limited exception to the prohibition on fictitious party practice in federal court).

## II.   <u>CONCLUSION</u>

As shown above and in defendants' initial brief, plaintiff's complaint as amended should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendants

*/s/ Robert H. Citronberg*
Robert H. Citronberg
Georgia Bar No. 126275
rcitronberg@gmail.com

303 Peachtree Street NE, Suite 4100
Atlanta, GA 30308
(404) 522-7450 (telephone)
(404) 577-0860 (facsimile)

Attorney for Defendant David Evans

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 15th day of December, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Alwyn R. Fredericks
Lisa E. McNary
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, NE
Atlanta, GA 30342

Kurt Kastorf
Kastorf Law, LLC
1387 Iverson St. N.E., Suite 100
Atlanta, GA 30083

This 15th day of December, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)